Richard TASSIN,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, AGRICULTURAL STABILIZATION AND CONSERVATION SERVICE.

Civ. A. No. 93–0746.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Nov. 30, 1993.

---

Michael Moyse Wahlder, Alexandria, LA, for plaintiff.

John Robert Halliburton, U.S. Attorney's Office, Shreveport, LA, for defendant.

## RULING

LITTLE, District Judge.

Plaintiff Richard Tassin brings this suit against defendant the United States Department of Agriculture, Agricultural Stabilization and Conservation Services (hereinafter the "United States" or the "ASCS") for monetary compensation allegedly due under the Disaster Payment Program administered by the ASCS. The plaintiff is a farmer in Avoyelles Parish, Louisiana, who, together with Tommy Brouillette, the plaintiff in an identical suit against the United States, planted a cotton crop in 1991. Heavy rainfall during the first six months of 1991 caused a great deal of destruction to crops in Avoyelles Parish. The acreage planted by the plaintiff and Mr. Brouillette was entirely destroyed, whereupon the plaintiff, together with Mr. Brouillette, applied through the ASCS county committee for disaster credit. The ASCS did not compensate the plaintiff for the loss of the entire crop, however, but instead reduced the plaintiff's compensable yield by one-third following the determination that the plaintiff's substandard farming techniques contributed to the crop's demise.

The plaintiff and Mr. Brouillette jointly appealed this decision before the same committee. At the appeal, Mr. Tassin read a prepared statement into the record which described his farming techniques and explained why he felt the decision to reduce his yield was unfair. In that statement, he advised the committee that he and Mr. Brouillette had disked their fields as early as weather permitted; that redisking or cultivating was made impossible by the rainy weather and grassy condition which ensued; and that chemicals were used on the crop. Mr. Tassin also explained how he and Mr. Brouillette were told by the Federal Crop Insurance Office that they had to meet the planting deadline to qualify for crop insurance; that planting was therefore done in May; that replanting would have occurred had weather permitted; and that other farmers used the same procedure but did not have their yields reduced. Mr. Tassin also read into the record a statement from Crop Hail Management, the plaintiff's crop insurer, who certified that Mr. Tassin's and Mr.

Brouillette's crop was destroyed in May of 1991; that the crop was insured by Crop Hail Management; and that the cause of the loss was found to be excess moisture. Additionally, Mr. Gremillion, one of the farmers who allegedly used the same procedure as the plaintiff but who did not have his yield reduced, appeared before the committee to testify that the reason why he (Mr. Gremillion) was able to get a stand on part of his cotton crop was because he did not plant his crop in accordance with the planting deadline imposed by the crop insurer, and because he "rowed up" his land and applied fertilizer.

The committee considered this information and thereafter sent the plaintiff a letter indicating that the reduction in the cotton yield would remain. The committee explained that while the crop's destruction was caused, in part, by excess moisture, the plaintiff's failure to get a satisfactory stand was also a product of the plaintiff's planting date, which was set for purposes of meeting crop insurance deadlines and not for purposes of producing a crop with the expectation of a normal harvest. Additionally, the grassy, wet conditions in which the plaintiff and Mr. Brouillette planted were considered by the committee to be "unworkmanlike."

The plaintiff and Mr. Brouillette then jointly appealed to the State ASCS Committee, which, following an investigation, denied the appeal. Finally, the plaintiff appealed to the National Appeals Division, which likewise determined that the plaintiff's fields were grassy and wet, that this had a significant impact on the crop's failure, and that the decision to reduce the plaintiff's crop yield by one-third was correct. The plaintiff then filed this claim for relief on 30 April 1993 pursuant to 7 U.S.C. § 1508(f) (1993), which preserves judicial review of claims for indemnity under the Federal Crop Insurance Act, 7 U.S.C. § 1501 et seq.

Before the court is the defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. In our analysis, we view the facts and inferences from the evidence in the light most favorable to the nonmoving party. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.), *reh'g denied*, 920 F.2d 259 (5th Cir.1990); *cert. denied*, —— U.S. ——, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993). Before we can find that no genuine issues of material fact exist, the court must be satisfied that no reasonable trier of fact could have found for the nonmoving party. *Id.* The nonmoving party may not depend solely on denials contained in the pleadings, but must submit specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *see also Hibernia National Bank v. Carner*, 997 F.2d 94, 98 (5th Cir.1993); *Harbor Ins. Co. v. Urban Constr. Co.*, 990 F.2d 195, 199 (5th Cir.1993), *reh'g denied, Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *reh'g denied*, 961 F.2d 215 (5th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Mere conclusory rebuttals by the nonmoving party will not defeat a motion for summary judgment. *Topalian*, 954 F.2d at 1131.

■ In addition to the standard required by Rule 56, we are required to apply a standard of review that is specific to the review of administrative agencies. This standard is one of great deference and does not include a *de novo* review of the facts. Reversal of an agency decision is appropriate only upon a finding that the administrative adjudication was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Bank of Commerce v. City Nat'l Bank*, 484 F.2d 284, 289 (5th Cir.1973), *cert. denied*, 416 U.S. 905, 94 S.Ct. 1609, 40 L.Ed.2d 109 (1974); *see also Wilson v. U.S. Dep't of Agric.*, 991 F.2d 1211, 1215 (5th Cir.1993), *reh'g denied*, ("ASCS decisions are subject to narrow judicial review: We look at the agency's decision to determine if it was reached in an arbitrary or capricious manner."); *Madsen v. Dep't of Agric.*, 866 F.2d 1035, 1036 (8th Cir.1989), *reh'g denied*. A decision is arbitrary or capricious "only when it is 'so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Wilson*, 991 F.2d

at 1215. The job of the reviewing court, therefore, is only to determine whether the administrative findings are supported by substantial evidence of the record as a whole. *Bank of Commerce*, 484 F.2d at 289.

■ The defendant contends that the ASCS record supports the finding that the plaintiff did not employ proper farming techniques. As such, the defendant maintains that the decision to reduce the plaintiff's cotton yield was not arbitrary or capricious. The plaintiff, on the other hand, argues that he adequately cared for his cotton crop, that heavy rain prevented him from obtaining a stand of cotton, and that the defendant's actions were arbitrary and capricious. For the reasons that follow, we agree with the defendant and grant the defendant's motion for summary judgment.

The local ASCS committee, in accordance with the powers vested in it by federal statute, made the initial evaluation of whether the plaintiff was eligible for disaster relief. *See* 7 C.F.R. § 1477.5(a)(4) (1993). Following this determination, the plaintiff's case was re-examined by the committee, and then reviewed by the State Committee and the National Appeals Division. In each of these proceedings, the plaintiff was given the opportunity to express his views. The administrative record pertaining to the local and state committee appeals reveals that the committees not only listened to the plaintiff but also considered a great deal of other information, including the practices of other farmers, the number of yield reductions authorized by the local committee in 1991, how many producers in Avoyelles Parish did not produce a crop in 1991, what procedure was used by the local committee in determining whether to reduce a crop yield, etc. The decisions rendered by the committees were not hasty. On the contrary, all decision-making was deferred until all pertinent information had been obtained. Likewise, the National Committee had a telephone hearing with the plaintiff and then reviewed the entire case file prior to rendering its decision. Only then did the National Committee determine that the plaintiff did not use customary cultural practices in producing the 1991 cotton crop and that this was a contributing factor in the plaintiff's crop loss.

Based on all the information they received, the local ASCS committee, the State Committee, and the National Appeals Division all concluded that the plaintiff's crop failure was partially caused by his and Mr. Brouillette's farming techniques. Our review of this determination reveals that ample evidence exists in the administrative record to support the finding that the plaintiff's ruined crop was partly caused by plaintiff's and Mr. Brouillette's unorthodox farming practices and was not wholly attributable to inclement weather. Therefore, we do not find that the decision to reduce the plaintiff's crop yield was so "implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Gibson v. United States*, 11 Cl.Ct. 6, 15 (1986) (quoting *Motor Vehicle Mfg. Ass'n v. State Farm Mutual*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983)); *see also Wilson v. U.S. Dep't of Agric.*, 991 F.2d 1211, 1215 (5th Cir.1993). In sum, we are not persuaded that the ASCS' decision was arbitrary or capricious.

For the foregoing reasons, the defendant's motion for summary judgment is GRANTED.